# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.R-S.-1, M.R-S., and T.S.**

**No. 18-0501** (Taylor County 16-JA-95, 16-JA-96, and 16-JA-97)

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.R-S.-2, by counsel Gregory Michael, appeals the Circuit Court of Taylor County's March 1, 2018, order terminating her parental rights to J.R-S., M.R-S., and T.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley V. Williams Hunt, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in not granting her a post-dispositional improvement period and in failing to impose a less-restrictive disposition than termination of her parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 22, 2016, the DHHR filed an abuse and neglect petition alleging that petitioner had a history of substance abuse and engaged in domestic violence with the children's father in the children's presence. The father reportedly sought a domestic violence protective order against the mother on behalf of M.R-S. because petitioner threatened the child. Petitioner waived her preliminary hearing.

On February 21, 2017, the circuit court held an adjudicatory hearing. According to the order following the hearing, petitioner admitted to the allegations in the petition and was

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, they will be referred to as J.R-S.-1 and J.R-S.-2, respectively, throughout this memorandum decision.

[2]Petitioner is not the biological mother of T.S. or J.R-S.-1, but she appeals the termination of her custodial rights to those children.

1

adjudicated as an abusing parent. Specifically, she admitted that she had a long history of substance abuse and attended a Suboxone clinic for six years. Admittedly, due to her substance addiction, petitioner failed to provide necessary supervision to her children and engaged in domestic violence with the father. Lastly, petitioner admitted to spending the family's limited funds on substances which could have been used to benefit the children. The circuit court granted petitioner's motion for a post-adjudicatory improvement period and ordered her to wean herself off of Suboxone. According to petitioner, based upon her compliance, the circuit court granted her a three-month extension of her post-adjudicatory improvement period.

On January 2, 2018, the circuit court held a dispositional hearing. Petitioner did not attend the hearing, but was represented by counsel. A Child Protective Services ("CPS") worker testified that petitioner and the father recently relapsed and were again abusing substances. The CPS worker also testified that petitioner and the father relocated to Morgantown, West Virginia, and were residing with a known drug addict. Counsel for petitioner informed the circuit court that prior to her relapse, petitioner completed a twenty-eight-day inpatient substance abuse treatment program and participated in a multidisciplinary treatment team ("MDT") meeting in December of 2017. Counsel moved the circuit court to grant petitioner a post-dispositional improvement period.[3] The DHHR and the guardian recommended termination of petitioner's parental rights. In its March 1, 2018, dispositional order, the circuit court found that petitioner failed to comply with the terms and conditions of her post-adjudicatory improvement period. The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of her parental rights was the least-restrictive disposition and consistent with the children's best interests. Ultimately, the circuit court terminated petitioner's parental rights in its March 1, 2018, dispositional order.[4] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[3]The circuit court did not rule on this motion in its dispositional order.

[4]According to the parties, the parental rights of the children's father were also terminated. The parties state that the permanency plan for T.S. is to remain in the care and custody of his nonabusing mother. The permanency plan for J.R-S.-1 and M.R-S. is adoption by their paternal grandparents.

2

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in not granting her a post-dispositional improvement period. In support, petitioner argues that she should have been given more time to address her substance abuse issues. We disagree. West Virginia Code § 49-4-610(3)(D) provides that a when a parent has previously been granted an improvement period, the parent must prove that "since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that "due to that change in circumstances, the [parent] is likely to fully participate in the improvement." Additionally, we have stated that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015).

Here, petitioner admittedly relapsed following her post-adjudicatory improvement period. Prior to her relapse, petitioner completed a twenty-eight-day rehabilitation program. However, following the completion of this program, she resumed her substance abuse and moved into the home of a known drug addict. Petitioner asserts that the circuit court erred in not allowing her more time to "come to terms with [her] substance abuse disorder." Petitioner was granted a post-adjudicatory improvement period and a three-month extension of the same, but ultimately resumed her abuse of substances and ceased participation in the proceedings in December of 2017. Further, petitioner did not provide any evidence of a change in her circumstances that would have demonstrated that she would be likely to participate in a post-dispositional improvement period and, therefore, she did not meet the applicable burden to receive one. As such, we find no error.

Next, petitioner argues that the circuit court erred in not ordering disposition pursuant to West Virginia Code § 49-4-604(b)(4).[5] Petitioner asserts that the circuit court should have given precedence to this less-restrictive dispositional alternative. In support, she asserts that her participation in a twenty-eight-day substance abuse treatment program demonstrated that there was a reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. We do not find this argument persuasive.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(1) provides that there is no reasonable likelihood that the conditions of abuse and neglect exist when "[t]he abusing parent . . . [has]

---

[5]Petitioner argues that she should have been granted "[d]isposition (4)," presumably referring to West Virginia Code § 49-4-604(b)(4), which provides that at disposition the circuit court may "order terms of supervision calculated to assist the child and any abusing parent or battered parent or parents or custodian which prescribe the manner of supervision and care of the child and which are within the ability of any parent or parents or custodian to perform."

habitually abused or [is] addicted to alcohol, controlled substances or drug, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment." The evidence discussed above also supports the termination of petitioner's parental rights. In addition to her admitted relapse and residence with a known drug user, petitioner failed to attend the dispositional hearing without explanation. Additionally, after her attendance at the MDT meeting in December of 2017, petitioner ceased participation in the abuse and neglect proceedings. It is clear that due to her continued abuse of substances and failure to participate in the proceedings, that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was in the children's best interests.

Lastly, while petitioner argues that the circuit court should have utilized a less-restrictive dispositional alternative, we have held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, the termination of petitioner's parental rights was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 1, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  November 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

4